WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristofer M. Seneca,<br><br>   Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>   Defendants. | No. CV-03-1350-PHX-SRB<br><br>**OPINION AND ORDER** |

This Order addresses two pending motions, both of which were filed by Defendants[1]: a Motion to Dismiss the Complaint as Moot (Doc. 110), and a Motion to Withdraw the Mootness Argument as it pertains to the Book Limitation (Doc. 115). For the reasons that follow, the latter motion is denied as moot and the former motion is granted in part and denied in part.

**I.   BACKGROUND**

These motions concern the impact that changes in certain ADC policies have had on the concerns raised by Plaintiff in his Complaint. More precisely, the issue is whether the remaining count of Plaintiff's Complaint is now moot by virtue of the policy changes.

---

[1] The Defendants are the State of Arizona, Arizona Department of Corrections ("ADC") Director Dora Schriro, Mike Linderman, Sandra Walker and Wanda Hofmann.

1  The remaining count in Plaintiff's Complaint, Count Two, alleges a violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), codified at 42 U.S.C. §§ 2000cc to 2000cc-5 (2003 & Supp. 2004). The Complaint takes issue with an ADC policy in effect at the time the Complaint was filed which restricted the number of "religious items" an inmate could possess to seven (sometimes, the "Seven-Item Policy").[2] Plaintiff contended that this policy substantially burdened his ability to fully practice his religion, as he required the use of twenty religious items. The Complaint also alleges that the ADC improperly bars donations of religious items, and requires inmates to purchase all such items from the inmate store.

On July 11, 2005, the ADC eliminated the numerical restriction on the number of religious items an inmate could possess. Under the new policy, an inmate may possess as many religious items as can be stored in a box designated for that sole purpose. The parties do not dispute that, at the time of the policy change, each inmate's religious property box was nine inches by twelve inches by four inches, but that box has subsequently been enlarged to equal the size of other standard inmate property boxes.

On September 20, 2005, Defendants filed the instant motion to dismiss, arguing that the recent policy changes render moot the remainder of the Complaint. On October 19, 2005, Defendants filed a motion to withdraw the aspect of their mootness argument pertaining to the number of religious books that an inmate may actually possess.

## II.   LEGAL STANDARDS AND ANALYSIS

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Clark v. City of Lakewood,* 259 F.3d 996, 1011 (9th Cir. 2001) (quoting *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S. Ct. 1382, 1390 (2000)). These criteria are satisfied when "it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, and interim relief or events

---

[2] At all relevant times and in all relevant documents, the term "religious items" does not include religious books.

- 2 -

1 have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County v. Davis,* 440 U.S. 625, 630, 99 S. Ct. 1337, 1383 (1979) (citations, quotations and some punctuation omitted).

Count Two of the Complaint alleges three violations: first, the ADC restricts the number of "religious items" an inmate may possess to seven; second, the ADC does not permit inmates to receive donations of religious items; third, the ADC requires that all religious items be purchased from the inmate store. (Compl. at 5-5A.) The Court will separately discuss the impact of the new ADC policy on the viability of each of these claims.

**A.   ADC Policy Concerning the Number of Religious Items an Inmate May Possess**

Count Two of the Complaint alleges, among other things, that the Seven-Item Policy impermissibly infringes on Plaintiff's ability to practice his religion. (Compl. at 5.) The new ADC policy eliminates the seven-item restriction, and allows inmates to possess as many religious items as can fit into a standard inmate property box. Defendants argue that because this policy essentially provides Plaintiff with even more than that which his Complaint sought, this portion of his Complaint has become moot.

In response to Defendants' motion, Plaintiff relies on the rule that voluntary cessation by a defendant of allegedly illegal conduct does not make a case moot. *See Gluth v. Kangas,* 951 F.2d 1504, 1507 (9th Cir. 1991) (holding that voluntary cessation of allegedly unconstitutional prison policy does not render moot inmate's claim where prison has history of violations, policy is vague, and it cannot be said "with assurance" that there is no "reasonable expectation" that alleged violations will not recur); *Lindquist v. Idaho State Bd. of Corrs.,* 776 F.2d 851, 851 (9th Cir. 1985). *See also DeFunis v. Odegaard,* 416 U.S. 312, 94 S. Ct. 1704 (1974) (per curiam). While Defendants do not dispute the existence of that rule, they argue that where, as here, "the possibility of recurrence of the challenged conduct is only a speculative contingency," *Burbank v. Twomey,* 520 F.2d 744, 748 (7th Cir. 1975), the case must still be dismissed as moot. In support of their argument, Defendants cite the fact that the new policy has been formally approved and implemented, and that the ADC has

- 3 -

1 "no history of adopting new regulations when faced with legal challenges only to
2 subsequently revert back to the old procedure when the action was dropped." (Def.'s Mot.
3 to Dismiss at 8.) The Court agrees with Defendants that in light of these facts, there is no
4 reasonable expectation that the ADC will revert to the Seven-Item Policy once this case has
5 ended. *See id.*; *Vieira v. Woodford,* 2002 WL 1226852, *2 (N.D. Cal. May 30, 2002)
6 (dismissing inmate's claim as moot where prisoner sought modification of a particular prison
7 guideline and, during pendency of litigation, prison policy was so modified, and there was
8 no indication that prison would revert to prior policy). *See, e.g., McCarthy v. Ozark Sch.*
9 *Dist.,* 359 F.3d 1029, 1036 (8th Cir. 2004) ("A speculative possibility is not a basis for
10 retaining jurisdiction over a moot case.").

11       Plaintiff also argues that the new policy restricts his access to certain religious items,
12 such as a Zabuton, a Zafu and a yoga mat, by eliminating the exemption for oversized items.
13 (Pl.'s Resp. to Defs.' Mot. to Dismiss at 9 n.2.) While this may be true, that argument
14 is flawed for at least two reasons. First, Plaintiff has taken the position throughout this
15 litigation that ADC policy would, in his view, pass muster under RLUIPA if he were simply
16 allowed to possess as many religious items as could be fit in a nine-inch by twelve-inch by
17 four-inch box. (Pl.'s Mot. for Summ. J. at 6.) ADC policy now conforms with Plaintiff's
18 position. Plaintiff's attempt to pursue essentially a new legal theory so late in the litigation
19 is, the Court finds, unduly prejudicial and will not be permitted. *See Green Country Food*
20 *Mkt., Inc. v. Bottling Group,* 371 F.3d 1275, 1279 (10th Cir. 2004) (noting that plaintiffs are
21 not allowed "to wait until the last minute to ascertain and refine the theories on which they
22 intend to build their case," as such a practice would "waste the parties' resources, as well as
23 judicial resources, on discovery aimed at ultimately unavailing legal theories and would
24 unfairly surprise defendants. . . . ") (citations and quotations omitted).

25       Second, to the extent that Plaintiff is arguing that the he has been denied access to
26 certain items under the *new* policy, that denial cannot be the subject of this action. In order
27 to challenge an allegedly unconstitutional policy in federal court, an inmate must first
28 exhaust his claim through the prison's administrative grievance procedures. 42 U.S.C. §

1997e(a) ("No action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted."); *Booth v. Churner,* 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001). Here, the Complaint challenges under RLUIPA the ADC policy limiting inmates to possessing seven religious items. That policy changed in July 2005 and afforded Plaintiff the relief he sought in filing the Complaint. Plaintiff now seeks, through the same complaint, to challenge aspects of the new policy, in particular, the policy's alleged elimination of the exemption of oversize items. To allow Plaintiff to proceed with that challenge would enable him to circumvent the requirement that he first exhaust the prison grievance procedures with respect to the new policy. *Booth v. Churner,* 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001); *McKinney v. Carey,* 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (holding that an inmate must exhaust his administrative remedies *before* the filing of the complaint, and that "a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation.") (citations omitted); *Morgan v. Ariz. Dept. of Corrs.,* 976 F. Supp. 892, 895 (D. Ariz. 1997) (citations omitted). Accordingly, this aspect of Plaintiff's Complaint must be dismissed as moot.

  **B.**  **ADC Policy Concerning the Procedures Inmates Must Follow to Obtain Religious Items**

Next, the Court turns to the remaining violations alleged in Count Two of the Complaint, both of which concern Plaintiff's ability to obtain religious items through the prison store and through donation. These alleged violations appear to have fallen through the cracks of this litigation, as the legality of the Seven-Item Policy dominated the discussion of Count Two of Plaintiff's Complaint. Neither party addressed these alleged violations in their respective motions for summary judgment, and Defendants did not explicitly address these alleged violations in their motion to dismiss, other than to argue generally, in their reply, that Plaintiff failed to exhaust his administrative remedies concerning the approval of additional religious items.

The Court concludes that because these issues have fallen so far off the radar, it would be premature to conduct a trial about them. Accordingly, the parties are encouraged to fully brief these issues. The briefs may address whether Plaintiff, as he is required to do, exhausted his administrative remedies prior to filing this action, and whether, assuming he has, material questions of fact remain about the legality of the ADC's procedures under the RLUIPA.

With regard to the exhaustion issue, the Court advises the parties that copies of the actual grievances Plaintiff allegedly filed in connection with these issues do not appear in the Court file. While Plaintiff makes reference to those grievances repeatedly, and even claims to have attached copies of the grievances to various documents, for whatever reason, those attachments never made their way into the Court file. Copies of these grievances should be included with the parties' motions. All motions concerning these issues should be filed within forty days of this Order.

### C.    ADC Policy Concerning Inmate Possession of Religious Books

Finally, the Court turns to an issue about which there has been some confusion: whether the ADC's limitation on the number of religious books an inmate may possess falls within the scope of this lawsuit. It does not. Count Two of the Complaint, the only portion of the Complaint that remains, makes no mention of the ADC policy limiting inmates to seven religious books. As such, even though this issue has managed, with some persistence, to wriggle its way into briefs and orders throughout this litigation, the absence of this issue in the remaining portion of the Complaint precludes a trial on the subject.

## II.    CONCLUSION

Plaintiff's Complaint has been reduced, through prior orders, to one count, and that count alleges three separate violations of RLUIPA. The first alleged violation, the restriction on the number of religious items an inmate can possess to seven, is dismissed as moot, because, under new ADC policy, Plaintiff is permitted to possess as many religious items as can fit into a standard inmate property box. The second and third alleged violations, which concern the methods by which inmates procure religious items, are not dismissed as moot,

1 and the parties may file motions for summary judgment concerning these alleged violations.
2 Finally, the legality of whether, under RLUIPA, the ADC may restrict the number of
3 religious books an inmate may possess to seven, is not an issue for trial as it is not mentioned
4 in the remaining portion of the Complaint.  As all of the alleged violations are either
5 dismissed as moot or unfit for trial, the trial date is vacated.

6 **IT IS ORDERED** granting in part and denying in part Defendant's Motion to Dismiss
7 the Complaint as Moot (Doc. 110).

8 **IT IS FURTHER ORDERED** denying as moot Defendants' Motion to Withdraw the
9 Mootness Argument as it pertains to the Book Limitation (Doc. 115).

10 **IT IS FURTHER ORDERED** vacating the trial date.

11 **IT IS FURTHER ORDERED** that if parties wish to file motions in light of this
12 Order, those motions must be filed within forty days of this Order.

14 DATED this 17th day of November, 2005.

_Susan R. Bolton_
Susan R. Bolton
United States District Judge